FILED

2026 Apr-14  AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BILL INGRAM ARCHITECT, LLC,** | ] | |
| | ] | |
| **Plaintiff-Counter-Defendant,** | ] | |
| **v.** | ] | **Case No. 2:25-cv-1692-ACA** |
| | ] | |
| **BRUCE SHINDELMAN,** | ] | |
| | ] | |
| **Defendant-Counterclaimant.** | ] | |

## MEMORANDUM OPINION

After a home-building contract between Plaintiff Bill Ingram Architect LLC ("BIA") and Defendant Bruce Shindelman fell apart, BIA sued Mr. Shindelman. (Doc. 10). Mr. Shindelman filed an answer and counterclaim. (Doc. 20). Counterclaim Four alleges that BIA, through its sole member Bill Ingram, fraudulently misrepresented that it had the ability, skill, and intent to perform the architectural services; failed to disclose that it lacked the ability, skill, and intent to do so; and provided inaccurate and inflated invoices. (*Id.* at ¶¶ 6, 12, 37–46). BIA now moves to dismiss Counterclaim Four for failing to comply with the particularity pleading requirement under Federal Rule of Civil Procedure 9(b). (Doc. 23 at 3–6). Because Counterclaim Four pleads fraud with particularity, the court **DENIES** the motion.

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Barat v. Navy Fed. Credit Union*, 127 F.4th 833, 835 (11th Cir. 2025). A party alleging fraud must satisfy the heightened pleading standard of Rule 9(b). *Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1178 (11th Cir. 2025). "To meet this standard, plaintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id.* (quotation marks omitted). BIA challenges Counterclaim Four based only on the second element. (Doc. 23 at 3).

Mr. Shindelman sufficiently pleaded the "who, what, when, where, and how of the allegedly false statements." *Otto Candies*, 137 F.4th at 1179. The amended counterclaim alleges that Mr. Ingram, and possibly other agents, made two false representations. (Doc. 20 ¶ 38). First, in early December 2024—before the contract was executed on December 12—Mr. Ingram misrepresented that BIA had the "requisite ability, skill, and intent" to uphold its end of the contract. (*Id.* ¶¶ 2, 6, 16, 38–39). Second, at the end of April 2025, Mr. Ingram sent invoices for services it did not perform. (*Id.* ¶¶ 12, 42–43). Mr. Shindelman overpaid nearly $180,000 because of these invoices. (*Id.* ¶ 44). This satisfies Rule 9(b)'s requirements.

2

For the foregoing reasons, the court **DENIES** BIA's motion to dismiss Counterclaim Four. (Doc. 23).

**DONE** and **ORDERED** this April 14, 2026**.**

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

3